**UNITED STATES DISTRICT COURT WESTERN DISTRICT OF WASHINGTON AT TACOMA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>        Plaintiff,<br><br>v.<br><br>JONATHAN DAVID CARPENTER,<br>        Defendant. | Case No. MJ18-5210<br><br>DETENTION ORDER |

THE COURT, having conducted a detention hearing pursuant to 18 U.S.C. § 3142, finds that no condition or combination of conditions which defendant can meet will reasonably assure the safety of any other person and the community.

The defendant is entitled to the presumption of innocence. *Taylor v. Kentucky,* 436 U.S. 478 (1987). The purpose of a detention hearing under the Bail Reform Act is to determine whether, taking into full consideration the defendant's constitutional rights and that the defendant is presumed innocent, the defendant should nevertheless be detained pending trial. *U.S. v. Motamedi,* 767 F.2d 1403, 1405 (9th Cir. 1985).

The defendant is charged with two counts of Aggravated Sexual Abuse of a Child under 18 U.S.C. §§ 2241(c)), 2246(2)(C), 2246(2)(B). Upon the government's motion in a case of a felony involving a minor victim, the Court must hold a hearing to determine whether to release or to detain the defendant. 18 U.S.C. § 3142(f)(1)(A). In this case, a rebuttable presumption applies, "that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." 18 U.S.C. § 3142(e)(3). Even where a defendant poses a danger to the community, he or she must be released if there is a "condition or combination of conditions [that] will reasonable assure. . .the safety of any other person and the community." 18 U.S.C. 18 U.S.C. § 3142(e); *United States v. Hir,* 517 F.3d 1081, 1091-92 (9th Cir. 2008).

The Court considered the information and arguments presented at the hearing. The Court is mindful of Mr. Carpenter's arguments that he is a military veteran, and has a close relationship with his spouse who currently serves in the military. The Pretrial Investigation Report prepared by U.S. Probation Officer Nick Bassett, Dkt. 9 at 1, notes that Mr. Carpenter's proposed temporary residence would be the Tacoma Residential Reentry Center (RRC). Mr. Carpenter has been employed, and proposed that he would reside in an apartment or some other transitional housing, after a short stay at the Tacoma RRC. Mr. Carpenter's employer, a recycling transport company, informed the probation office that Mr. Carpenter's commercial route as a driver includes many schools; because of the nature of the charged offenses, it is doubtful that the defendant would be able to keep that job. Dkt. 9 at 3. In addition, the defendant has a history of excessive drinking, according to his spouse. Dkt. 9 at 3. The probation officer talked with the defendant's spouse about the defendant's drinking, and his spouse characterized him as an alcoholic who has become angry while drinking.

The Court finds: The government met its burden of proving by clear and convincing evidence that the defendant presents a significant risk of danger to the community, and there is no condition or combination of conditions which defendant can meet that will reasonably assure the safety of any other person and the community. The Court determined, based on the nature of the current charges, including allegations that the defendant repeatedly engaged in sexual acts and violent criminal conduct concerning the alleged victims in this matter, who are vulnerable children, there is a significant threat to other persons and the community. Even with conditions by which the defendant's whereabouts could potentially be monitored, the Court finds that there are no conditions of release that would effectively mitigate Mr. Carpenter's potential destructive behavior. Although there are electronic monitoring techniques that may allow probation and pretrial services officers to track a defendant's use of a communications device that the defendant discloses to the authorities, this would be a limited way to track the defendant's communications because it is not possible to anticipate devices that the defendant may have access to that are not disclosed, and/or are not his own. The allegations in the Complaint, Dkt. 1 at 3, 5, state that the defendant used the cell phone of one of the alleged victims to communicate with a young friend of the alleged victim. Likewise, while it may be possible to track the defendant's movements and location by using electronic monitoring devices, those devices would not track the people who might come in contact with the defendant at his residence or elsewhere in the community.

The Court weighed the defendant's evidence showing that he has a spouse who loves and supports him, and he has children as well as step children. The Court notes, however, that the alleged victims in this matter lived with the defendant and his spouse, and his spouse is the mother of the alleged victims. The serious nature of the charges in this case show an horrible situation for the alleged victims, and as the Assistant United States Attorney pointed out, the alleged crimes create a conflict for the defendant's spouse. The Court also weighed the defendant's circumstances that show he

has made a positive contribution as a military veteran. Yet the Court finds that Mr. Carpenter has not overcome the presumption of detention that applies in this case.

**Presumptive Reasons/Unrebutted:** 18 U.S.C. § 3142(e) (3), there is probable cause to believe the defendant committed an offense involving a victim under the age of 18. Dkt. 1, Complaint, charging two counts of Aggravated Sexual Abuse of a Child under 18 U.S.C. §2241(c).

The defendant is charged with two counts of Aggravated Sexual Abuse of a Child under 18 U.S.C. §§ 2241(c)), 2246(2)(C), 2246(2)(B). Although the defendant has substantial ties to the community, the proposed placement does not appear to be stable or reliable in terms of regulating his ability to control his behavior at this time. The defendant did not overcome the presumption, and the Court finds that the government met its burden by clear and convincing evidence that the defendant poses a danger to others and to the community.

This finding is based on 1) the nature and circumstances of the offense(s) charged, 2) the weight of the evidence against the person; 3) the history and characteristics of the person; and 4) the nature and seriousness of the danger release would impose to any person or the community.

**Safety Reasons:**
Danger to the community as indicated by criminal history, alcohol abuse, and circumstances of the current offenses. Although the defendant has significant ties to the community where he resides, he does not appear to be stable or reliable in terms of his ability to control his behavior. In addition, his drinking and anger show he is a danger to the community and that the proposed residential placement would not ensure his compliance with conditions, regardless of the availability of GPS monitoring and other means of intensive supervision.

*Order of Detention*

- The defendant shall be committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.
- The defendant shall be afforded reasonable opportunity for private consultation with counsel.
- The defendant shall on order of a court of the United States or on request of an attorney for the Government, be delivered to a United States Marshal for the purpose of an appearance in connection with a court proceeding.

September 24, 2018

*[signature: Theresa L. Fricke]*

Theresa L. Fricke
United States Magistrate Judge